[Civ. No. 1367.  First Appellate District.—July 25, 1914.]

F. A. HOOPER et al., Appellants, v. W. S. KINGSBURY, as Surveyor-General and Ex-officio Register of the State Land-Office, Respondent.

STATE LAND—WITHDRAWAL FROM SALE AFTER FILING OF APPLICATIONS TO PURCHASE.—The state has power to withdraw lands from sale after the filing but prior to the approval of applications to purchase and the payment of the first installment of the purchase price.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Devlin, Devlin & Maddux, and Charles C. Boynton, for Appellants.

U. S. Webb, Attorney-General, Robert Harrison, Deputy Attorney-General, and Malcolm C. Glenn, Deputy Attorney-General, for Respondent.

LENNON, P. J.—This case in its essential features is practically the same, insofar as the points of law involved are concerned, as the case of *Ayers* v. *Kingsbury* (No. 1368), *ante,* p. 183, [143 Pac. 85], this day decided. In its facts, the present case differs from that case only in the particular that the applications to purchase public lands were actually filed with the respondent. Those applications, however, were not approved before the withdrawal of the lands from sale. No approval of such applications could have issued prior to the enactment of the statute withdrawing all the lands in question from sale; and therefore, under the theory discussed and developed in the opinion of this court filed in the case of *Ayers* v. *Kingsbury* above mentioned—which is to the effect that the state has power to withdraw lands from sale prior to the approval of the applications to purchase and the payment of the first installment of the purchase price, it follows that the petitioners herein are in no better situation than the petitioners in that case, and that they acquired no irrevocable right to purchase from the state the lands applied for, not-

withstanding the payment by them of the filing fee and the deposit of the amount specified in the act of 1889.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 23, 1914.